UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JESSE M. NEAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:12-CR-122-01; 2:16-CV-178 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Before the Court is Petitioner Jesse M. Neal's notice of voluntary dismissal of his pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc.11].[1]

### I.     RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

Petitioner pled guilty to two methamphetamine conspiracy counts and one count of being a felon in possession of a firearm as charged in the indictment. He was sentenced in 2013 as a career offender to serve 210 months' incarceration [Docs. 204, 234, Case No. 2:12-CR-122].

Petitioner filed his § 2255 motion in reliance on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague [Doc. 1]. *Johnson*, 135 S. Ct. at 2563 (holding "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process"). Petitioner argued that *Johnson*'s reasoning invalidated his career-offender classification under the United States Sentencing Guidelines ("Guidelines"), thus entitling him to a reduced sentence [*Id.*]. On August 29, 2016, the United States successfully

---

[1] Unless otherwise indicated, document references in this Opinion are to Case No. 2:16-CV-178.

moved to defer ruling on the motion pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which was poised to address whether *Johnson* applied to the Guidelines' residual clause, and if so, whether it also applies retroactively on collateral review [Docs. 6, 9]. On March 6, 2017, the Supreme Court handed down its decision in *Beckles*, holding that the advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. On March 31, 2017, Petitioner filed a notice of voluntary dismissal and, the next day, the United States filed a motion to deny Petitioner's § 2255 motion and dismiss this action with prejudice, based on *Beckles* [Docs. 11-12].

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A)(i)[2] provides that a movant is permitted to voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Unless otherwise stated, such a dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). A properly filed notice of voluntary dismissal, such as Petitioner's, is self-effectuating. *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993). Because the instant action was "no more" after Petitioner's submission of the notice of voluntary dismissal, *see Ames v. Ethicon Endo-Surgery, Inc.*, No. 11-2942, 2012 WL 215234, at *1 (W.D. Tenn. Jan. 24, 2012) ("Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands: once [a] plaintiff gives his notice, the lawsuit is no more.") (quoting *Aamot*, 1 F.3d at 444)), the United States' motion to deny and dismiss [Doc. 12] must be denied as moot.

## III. CONCLUSION

Based on the above reasoning, the Clerk's Office will be **DIRECTED** to terminate Petitioner's § 2255 motion and to close the civil action associated with it. The dismissal will be

---

[2] Rules of Civil Procedure are applicable to § 2255 proceedings as long as they are not inconsistent with any statutory provisions or the § 2255 Rules. Rule 12, Rules Governing Section 2255 Proceedings.

2

without prejudice.  The United States' motion to deny and dismiss the § 2255 petition will be **DENIED** as moot, as will Petitioner's motion to supplement his § 2255 motion [Doc. 4].

**A separate judgment will enter.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge